# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CURTIS L. MARTIN,

Plaintiff,

v.

JAMES A. YATES, et al.,

Defendants.

_______________________________________/

Case No. 1:09-cv-00755-DLB (PC)

ORDER DENYING PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT AS MOOT

(Doc. 12)

ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE ANY CLAIMS UPON WHICH RELIEF MAY BE GRANTED

(Doc. 18)

SECOND AMENDED COMPLAINT DUE WITHIN 30 DAYS

## I. Screening Order

Plaintiff Curtis L. Martin ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action by filing in the Northern District of California on September 12, 2008. The case was transferred to the Eastern District of California on April 28, 2009.[1] On June 29, 2009, Plaintiff filed his first amended complaint. (Doc. 18.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

[1] On May 26, 2009, Plaintiff filed a motion for leave to file a first amended complaint. (Doc. 12.) Plaintiff may amend his complaint once as a matter of course before being served a responsive pleading. Fed. R. Civ. P. 15. Plaintiff's May 26, 2009 motion is thus denied as moot.

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

**II. Summary of Plaintiff's First Amended Complaint**

Plaintiff was formerly incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events which gave rise to this action allegedly occurred. Plaintiff names as defendants: James A. Yates, warden; F. Igbinosa, chief medical officer; John Diep, M.D.; Howard Erhman, M.D.; and John and Jane Does 1 through 10.

Plaintiff's first amended complaint is incomplete. Several pages are missing, making it difficult to determine what Plaintiff's allegations are against each defendant. Plaintiff will thus be given leave to amend his complaint. Plaintiff also submitted eighty-six pages of exhibits with his amended complaint. Plaintiff is warned that the Court will not serve as a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). At this point, the submission of evidence is premature as Plaintiff is only required to state

a prima facie claim for relief. Thus, in amending his complaint, Plaintiff should simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

With regard to exhibits intended to support a complaint, such exhibits must be attached to the complaint and must be incorporated by reference. Fed. R. Civ. P. 10(c). With regard to exhibits that are properly attached to the complaint, Plaintiff is cautioned that it is not the duty of the Court to wade through his exhibits to determine whether or not he has claims cognizable under § 1983. Rather, the court looks to the factual allegations contained in plaintiff's complaint to determine whether or not Plaintiff has stated a cognizable claim for relief under § 1983. If Plaintiff attaches exhibits to his complaint, each exhibit must be specifically referenced. For example, Plaintiff must state "see Exhibit A" or something similar in order to alert the court to exactly which exhibit plaintiff is referencing. Plaintiff may not merely point the court to attached exhibits and expect that the court will read through all of the exhibits and determine which exhibit it appears that plaintiff is referring to. Further, if the exhibit consists of more than one page, Plaintiff must reference the specific portion of the exhibit.

Further, the Court deems it necessary to caution Plaintiff regarding the attachment of exhibits to his complaint. It is the experience of this Court that when prisoners proceeding without the assistance of counsel submit exhibits in support of their complaints, the exhibits serve only to confuse the record and make it much more difficult for the Court to determine whether or not the prisoner has any cognizable claims for relief. As previously stated, the Court looks to the factual allegations to determine whether or not the plaintiff has stated a claim for relief. The Court must assume that the plaintiff's factual allegations are true. Therefore, it is unnecessary, generally, for the plaintiff to submit evidence in support of his allegations.

Plaintiff's claim concerns his inadequate medical treatment. The Court provides the applicable law for Plaintiff to use in amending his complaint.

**1. *Eighth Amendment - Medical Treatment***

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious

medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

**2. *Supervisory Liability***

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under § 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

## III. Conclusion

Plaintiff's first amended complaint fails to state any claims against any of the named defendants under § 1983. The Court will provide Plaintiff with an opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," L. R. 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed, with leave to amend, for failure to state any claims under§ 1983;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. If Plaintiff fails to file a second amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated: October 13, 2009**

/s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE